UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TRANSDATA, INC., SMART
METERS PATENT LITIGATION                              MDL No. 2309

**TRANSFER ORDER**

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiff in all actions (TransData) moves to centralize this litigation in the Eastern District of Texas. This litigation currently consists of seven actions pending in five districts, as listed on Schedule A.[1]

All responding defendants[2] oppose centralization. If the Panel deems centralization appropriate, almost all responding defendants suggest or do not oppose centralization in the Western District of Oklahoma or the Northern District of Georgia. Defendant Denton Municipal Electric suggests the Middle District of Alabama as transferee district. The Western District of Oklahoma defendant suggests excluding the Eastern District of Texas actions from centralized proceedings, while the Eastern District of Texas defendants argue that, if the Panel deems centralization to be appropriate, the Eastern District of Texas actions should be included.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Western District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All seven actions involve factual questions concerning the infringement and/or validity of U.S. Patent Nos. 6,181,294; 6,462,713; and 6,903,699 ("the TransData Patents"). These patents relate to "smart meters" used to measure energy consumption and to collect those measurements over a wireless communication network. TransData alleges in each action that defendant utilities use infringing meters covered by the TransData Patents. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and

---

[1] The parties have notified the Panel that two additional related actions are pending in the Southern District of California and the Western District of Wisconsin. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

[2] Oklahoma Gas & Electric Co.; CenterPoint Energy Houston Electricity, LLC; Oncor Electric Delivery Co., LLC; Denton Municipal Electric; Texas-New Mexico Power Co.; Denton County Electric Cooperative, Inc., d/b/a/ CoServ Electric; Tri-County Electric Cooperative, Inc.; Alabama Power Co.; Georgia Power Co.; and Mississippi Power Co.

-2-

conserve the resources of the parties, their counsel and the judiciary.

Responding defendants argue against centralization, *inter alia*, that (1) there is great procedural disparity between the Eastern District of Texas actions and the more recently-filed actions; and (2) TransData has intentionally proliferated this litigation by filing actions against end users of the meters, rather than manufacturers. We are persuaded, however, that centralization of all actions will promote the just and efficient conduct of this litigation. Claim construction has not yet taken place in any action and, in fact, a claim construction hearing that was due to occur in the Eastern District of Texas actions in February 2012 has been postponed. There are efficiencies to be gained by allowing the claim construction process to include all seven actions. Furthermore, whatever TransData's intentions in filing actions against several end users instead of manufacturers, we are presented with seven actions involving common questions of fact and overlapping discovery. Centralization will prevent the duplication of discovery and pretrial proceedings, such as claim construction hearings, that would otherwise occur.

We are persuaded that the Western District of Oklahoma is the most appropriate transferee district. It is near Texas, where many parties are located; is in a geographically central location for this nationwide litigation; and an action is already pending in that district. Most responding defendants support or do not oppose centralization in the Western District of Oklahoma, and the relative docket conditions in this district are more favorable than other proposed transferee forums.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Oklahoma are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Robin J. Cauthron for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: TRANSDATA, INC., SMART**
**METERS PATENT LITIGATION**                                  MDL No. 2309

## SCHEDULE A

<u>Middle District of Alabama</u>

TransData, Inc. v. Alabama Power Company, C.A. No. 2:11-00635

<u>Middle District of Georgia</u>

TransData, Inc. v. Georgia Power Company, C.A. No. 5:11-00305

<u>Southern District of Mississippi</u>

TransData, Inc. v. Mississippi Power Company, C.A. No. 3:11-00499

<u>Western District of Oklahoma</u>

TransData, Inc. v. Oklahoma Gas & Electric Company, C.A. No. 5:11-01032

<u>Eastern District of Texas</u>

TransData, Inc. v. CenterPoint Energy Houston Electric LLC, et al., C.A. No. 6:10-00557
TransData, Inc. v. Tri-County Electric Cooperative, Inc., C.A. No. 6:11-00046
TransData, Inc. v. Denton County Electric Cooperative, Inc. d/b/a CoServ Electric,
    C.A. No. 6:11-00113